UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARMEET SINGH,

             Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY,

             Respondent.

No. 1:26-cv-03820-DJC-AC

ORDER

A# 041-813-799

Petitioner Harmeet Singh is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)).  The Court directed respondent to file a Return under 28 U.S.C. § 2243.  (ECF No. 5.)  Respondents have now responded to the Court's order.  (Opp'n (ECF No. 8); *see* Kichak Decl. (ECF No. 7).)

Petitioner, who was originally born in Fiji, is presently in the custody of Immigration and Customs Enforcement ("ICE").  (Kichak Decl., Ex. 1.)  Petitioner was ordered removed but granted deferral of removal on January 31, 2002.  (Kichak Decl. ¶ 8; Kichak Decl., Ex. 2.)  Petitioner was subsequently released from custody. Petitioner was re-detained by ICE on December 31, 2025 after Petitioner was released from a state prison sentence for a conviction he received in 2018.  (Kichak Decl. ¶¶ 15–16.)

1

Respondents assert that Petitioner's present detention is permitted under 8 U.S.C. § 1231(a)(6).  Respondents are incorrect in applying that provision here. Subsection (a)(6) permits continued detention for certain individuals who are already detained "beyond the removal period[.]"  8 U.S.C. § 1231(a)(6).  It does not provide a legal basis to re-detain an individual who has already been released after it was determined that removal was not foreseeable.

Where a noncitizen subject to a final order of removal has been released, revocation of that release is governed by 8 C.F.R. § 241.13(i).  *See Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *3 (E.D. Cal. July 16, 2025).  Section 241.13(i)(2) provides that revocation of release is permissible "if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future."  The Court may not, in the first instance, make an individualized finding that a change in circumstances has occurred.  *See Hoac*, 2025 WL 1993771, at *3.  "[W]hen ICE revokes release to effectuate removal, it is ICE's burden to show a significant likelihood that the alien may be removed."  *Vu v. Noem*, No. 1:25-cv-01366-KES-SKO, 2025 WL 3114341, at *5 (E.D. Cal. Nov. 6, 2025) (cleaned up) (quoting *Escalante v. Noem*, No. 9:25-cv-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025)); *see Nguyen v. Charles*, No. 1:25-cv-01592-TLN-CSK, 2025 WL 3492117, at *3 (E.D. Cal. Dec. 4, 2025).  Where ICE has made a determination that a change of circumstances has occurred, the Court reviews that claim in light of the factors described in 8 C.F.R. § 241.13(f).  *See Hoac*, 2025 WL 1993771, at *3.  These factors include, but are not limited to:

> [T]he history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.

8 C.F.R. § 241.13(f).

As Respondents addressed the incorrect statutory provision, Respondents are HEREBY ORDERED TO SHOW CAUSE on or before June 4, 2026, why the Court should not order Petitioner released based on Respondents' inability to establish that there is a significantly likelihood that Petitioner will be removed to a third country is in the reasonably foreseeable future.

IT IS SO ORDERED.

Dated:   **June 1, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

3