UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARMEET SINGH, | No. 1:26-cv-03820-DJC-AC |
| Petitioner, | |
| v. | ORDER |
| WARDEN, CALIFORNIA CITY DETENTION FACILITY, | A# 041-813-799 |
| Respondent. | |

Petitioner Harmeet Singh is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)).  The Court directed respondent to file a Return under 28 U.S.C. § 2243.  (ECF No. 5.)  Respondents responded to the Court's order but failed to address the appropriate legal question in their response.  (ECF No. 8.)  The Court ordered Respondents to inform the Court why Petitioner should not be released based on Respondents' failure to establish that there is a significant likelihood that Petitioner will be removed in the foreseeable future.   (ECF No. 9.)  In their Reply to the Court order, Respondents state that "counsel for Respondents inquired further regarding information related to the likelihood of removal to a third country in the reasonably foreseeable future" but that "[a]s of this filing, it does not appear that a third country has been identified for removal."  (ECF No. 10 at 1.)  No

additional information is provided, and Respondents do not attach any additional declarations or evidence.

Accordingly, Petitioner has established that his re-detention violates 8 C.F.R. § 241.13(i)(2) and is unconstitutional as it amounts to indefinite detention.  It is undisputed that Petitioner is subject to a final removal order.  As such, ICE has the authority to detain Petitioner to affect his removal as a non-citizen.  *See Phan v. Becerra*, No. 2:25-cv-01757-DC-JDP, 2025 WL 1993735, at *3 (E.D. Cal. July 16, 2025); *see also* 8 U.S.C. § 1231.  However, Petitioner was previously released from custody.

Where a noncitizen subject to a final order of removal has been released, revocation of that release is governed by 8 C.F.R. § 241.13(i).  *See Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *3 (E.D. Cal. July 16, 2025).  Section 241.13(i)(2) provides that revocation of release is permissible "if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future."  The Court may not, in the first instance, make an individualized finding that a change in circumstances has occurred.  *See Hoac*, 2025 WL 1993771, at *3.  "[W]hen ICE revokes release to effectuate removal, it is ICE's burden to show a significant likelihood that the alien may be removed."  *Vu v. Noem*, No. 1:25-cv-01366-KES-SKO, 2025 WL 3114341, at *5 (E.D. Cal. Nov. 6, 2025) (cleaned up) (quoting *Escalante v. Noem*, No. 9:25-cv-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025)); *see Nguyen v. Charles*, No. 1:25-cv-01592-TLN-CSK, 2025 WL 3492117, at *3 (E.D. Cal. Dec. 4, 2025).  Where ICE has made a determination that a change of circumstances has occurred, the Court reviews that claim in light of the factors described in 8 C.F.R. § 241.13(f).  *See Hoac*, 2025 WL 1993771, at *3.  These factors include, but are not limited to:

> [T]he history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts,

> and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.

8 C.F.R. § 241.13(f).

Here, the Government has not made any meaningful showing that there is a change in circumstances justifying Petitioner's detention.  Respondents' only evidence supporting that removal is foreseeable is a single statement from the declaration from Deportation Officer Noah Kichak, submitted with Respondents' initial response.  That statement is that "ICE is still pursuing to have Petitioner removed to a third country." (Kichak Decl. (ECF No. 7) ¶ 18.)  However, as acknowledged by the subsequent response, the Government has not even identified a potential third country, let alone established that there is a significant likelihood that Petitioner may be removed there in the foreseeable future.  (*See* ECF No. 10.)

Given the failure to provide any concrete evidence that Petitioner is likely to be removed, Respondents have failed establish that any of the factors under 8 C.F.R. § 241.13(f) weigh in favor of a finding that there has been a change in circumstances. Petitioner has been subject to a removal order for over two decades and, to date, the Government has been unable to remove him.  Respondents have no basis to re-detain Petitioner where there is no indication that removal is now possible.  While the Court has significant concerns regarding Petitioner's criminal history, immigration-related detention is civil in nature, and not punitive.  Here, the governing regulations simply do not give Respondents the authority to further detain Petitioner.  While Respondents may impose reasonable conditions of supervision upon releasing Petitioner, he has established that his present detention violates 8 C.F.R. § 241.13 and is thus unlawful.

////

////

////

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 1 of the Petition.[1]

2. Respondents are ordered to immediately release Harmeet Singh from their custody.

3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner a change in circumstances to warrant Petitioner's re-detention.

4. Respondents shall file a status report within five (5) days confirming Petitioner's release.

5. The Clerk is directed to serve California City Detention Facility with a copy of this Order.

6. The Clerk of the Court is further directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **June 5, 2026**

_Daniel J. Calabretta_
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

4